UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-102-FDW

| HENRY FORD ADKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| RICK JACKSON, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on periodic status review.

Henry Ford Adkins filed a *pro se* action pursuant to 42 U.S.C § 1983, which passed initial review on the claim that Defendants Jackson, Moxford, Stover, and Coffey were deliberately indifferent to a serious medical need. Plaintiff was instructed to prepare summonses for the named Defendants and submit them to the Clerk of Court for service of process. The Plaintiff submitted summons forms for service of process and Stover's was returned as executed. (Doc. No. 36). Moxford and Jackson were mailed summonses that were returned as "refused," and Coffey's was returned as "undeliverable because Nurse Coffey is retired." (Doc. No. 33, 34, 35).

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding *in forma pauperis* provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure

1

that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, 210 F.3d 361, 361 (4th Cir. 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendants Moxford, Jackson, and Coffey. If the U.S. Marshal obtains the home addresses for these Defendants, the addresses may be redacted from the summons forms for security purposes following service on these Defendants.

**IT IS SO ORDERED**.

The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Signed: October 31, 2017

Frank D. Whitney
Chief United States District Judge