DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-102-FDW

| HENRY FORD ADKINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| RICK JACKSON, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on a Motion to Dismiss filed by Defendants Maria Oxford, Rick Jackson, and Philip Stover pursuant to Rule 12 of the Federal Rules of Civil Procedure and Rules 7.1 and 7.2, of the Local Rules of Civil Procedure, (Doc. No. 46), alleging insufficient service of process and lack of personal jurisdiction.

**I.     BACKGROUND**

Plaintiff is a *pro se* North Carolina prisoner alleging that he received deliberately indifferent care for a cancerous ear tumor while he was incarcerated at the Brown Creek Correctional Institution. (Doc. No. 24). The Court conducted initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and, on September 21, 2017, allowed the case to proceed against Defendants Rick Jackson, Maria Oxford,[1] Phillip Stover, and Vicki Coffey. (Doc. No. 29). The Court ordered Plaintiff to fill out and return summons forms for the U.S. Marshal to effectuate service of process. Plaintiff complied and, on October 3, 2017, the Clerk of Court electronically issued the summons forms to the U.S. Marshal for service on Defendants. (Doc. No. 30). On October 25, 2017,

---

[1] The Amended Complaint refers to this Defendant as "Nurse Moxford."

1

summons forms were returned unexecuted as to Oxford, Jackson, and Coffey, and executed as to Stover. (Doc. Nos. 33-36). The Court instructed the U.S. Marshal to use reasonable efforts to effectuate service on Defendants Oxford, Jackson, and Coffey on October 31, 2017, and the summons forms were reissued conventionally to the U.S. Marshal for service. (Doc. Nos. 37-38). The summons forms were returned executed on Defendants Oxford, Jackson, and Coffey on November 7, 2017. (Doc. Nos. 40-42).

Defendants Jackson, Oxford, and Stover filed the instant Motion to Dismiss on December 27, 2017.[2] (Doc. No. 46). They argue that Plaintiff's claims against them should be dismissed for lack of jurisdiction, insufficiency of process, and insufficiency of service; none of them has been personally served and more than 120 days has expired since Plaintiff filed the Amended Complaint. Each of these Defendants has filed an affidavit in support of dismissal. Defendant Maria Oxford states that she resigned from her employment at Lanesboro C.I. on March 9, 2015. (Doc. No. 47-1). The Complaint was delivered to Lanesboro on November 7, 2017, and appears to have been signed for by Correctional Officer Coletrane, who was not authorized to accept service on her behalf. Defendant Oxford did not sign for the summons and Compliant and, to date, has never been personally served with a copy of the summons or Complaint. Defendant Rick Jackson retired from Lanesboro on September 1, 2009. (Doc. No. 47-2). The summons and complaint were delivered to Lanesboro around November 2, 2017, and were signed by Correctional Officer Coletrane, who was not authorized to accept service for him. Defendant Jackson did not sign for the summons and complaint and has never been personally served with the summons or Complaint. Defendant Phillip Stover, M.D. retired on December 31, 2014. (Doc.

---

[2] Defendant Coffey filed an Answer on December 28, 2017. (Doc. No. 48).

No. 47-3). Around October 13, 2017, a summons and Complaint were delivered to his former place of employment at the North Carolina Medical Board in Raleigh. Someone at the Medical Board who was not authorized to accept service for him forwarded the summons and Complaint to him via Federal Express on October 17, 2017. Defendant Stover has never been personally served with the summons or complaint.

The Court issued a Roseboro[3] Order to Plaintiff on January 2, 2018, advising him of the importance of responding to Defendants' motion. (Doc. No. 50). Plaintiff has filed a Response, (Doc. No. 51), arguing that he is *pro se* and indigent, and relied upon the U.S. Marshals Service to properly and timely serve Defendants in this matter. Defendants have filed a Reply. (Doc. No.

## II. STANDARD OF REVIEW

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). A motion may be brought to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process may be brought pursuant to Rules 12(b)(2), 12(b) (4) and 12(b)(5) of the Federal Rules of Civil Procedure. Once the sufficiency of service is challenged, the plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4. See, e.g., Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

## III. DISCUSSION

Rule 4(e) of the Federal Rules of Civil Procedure provides as follows:

Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a

---

[3] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

summons in an action brought in the courts of general jurisdiction in the state where the district is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4(j)(1) of the North Carolina Rules of Civil Procedure prescribes the manner by which service may be effectuated in North Carolina, directing that service upon a natural person shall be as follows:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
>
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. R. Civ. P. 4(j)(1).

Each of the Defendants at issue has demonstrated that they were never personally served process in this action because they no longer work at the addresses where the U.S. Marshal sent the summons and Amended Complaint via Federal Express, and the individuals who actually

4

received the packets were not authorized to accept service on Defendants' behalf.

Even though Defendants Oxford, Jackson, and Stover have not been served, the Court will nevertheless deny Defendants' Motion to Dismiss. Plaintiff is incarcerated and proceeding *pro se* and *in forma pauperis*. Plaintiffs who are proceeding *in forma pauperis* must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, 210 F.3d 361 (4th Cir. 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

The Court will not penalize Plaintiff for having relied on the Clerk of Court and the U.S. Marshals Service to effect service of process on his behalf. See Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) (declining to penalize in forma pauperis plaintiff for U.S. Marshals Service's delay in effecting service of process); Carroll v. Fentress Cnty. Sheriff's Dep't, 2012 WL 140417 at *2 (M.D. Tenn. Jan. 18, 2012) (magistrate report and recommendation denying motion to dismiss for insufficient service of process, noting that once prisoner plaintiffs have adequately identified the defendants to be served, "responsibility for service of process rest[ed] with the United States Marshals Service. If defendants were not properly served, plaintiffs cannot be held responsible"), *adopted*, 2012 WL 847775 (M.D. Tenn. Mar. 12, 2012).

Therefore, the Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain personal service on Defendants Oxford, Jackson, and Stover, in accordance with Rule 4

5

within 30 days of this Order.[4]

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss will be denied. The U.S. Marshal will be instructed to use reasonable efforts to effectuate service on Defendants Jackson, Stover, and Oxford within 30 days of this Order.

**IT IS THEREFORE ORDERED THAT**:

(1) Defendants' Motion to Dismiss, (Doc. No. 46), is **DENIED**.

(2) Within **30 days** of this Order, the U.S. Marshal shall use reasonable efforts to locate and obtain personal service on Defendants Oxford, Jackson, and Stover in accordance with Rule 4 of the Federal Rules of Civil Procedure. If the U.S. Marshal is unable to locate and obtain and service on Defendants within this time period, the U.S. Marshal shall inform the Court of the efforts taken to locate and serve them.

(3) The Clerk of Court is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Signed: March 9, 2018

Frank D. Whitney
Chief United States District Judge

---

[4] The Court notes that its local rules have now been amended to provide for waiver of service in state prisoners' civil rights cases for present and former employees of the North Carolina Department of Public Safety. LCvR 4.3.