# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:15-cv-102-FDW

| | |
|---|---|
| **HENRY FORD ADKINS,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)  **ORDER** |
| **RICK JACKSON, et al.,** | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** comes before the Court on Defendant Rick Jackson's Motion for Judgment on the Pleadings, (Doc. No. 69). Also pending are and Plaintiff's "Amended Motion for Correction" (Doc No. 73), and Motion for Appointment of Counsel, (Doc. No. 75). He has also filed a Request for Production of Documents with the Court, (Doc. No. 74).

## I. BACKGROUND

*Pro se* Plaintiff filed an Amended Complaint raising claims of medical deliberate indifference, retaliation, excessive force, denial of access to the courts, conspiracy, equal protection violations, and violations of federal criminal and North Carolina statutes, for incidents that allegedly occurred at the Brown Creek and Alexander correctional Institutions. (Doc. No. 24). The Amended Complaint passed initial review on claims of deliberate indifference to a serious medical need against Defendants Rick Jackson, Nurse Moxford, Phillip Stover, and Nurse Coffey. (Doc. No. 29).

When Defendant Jackson filed the instant Motion for Judgment on the Pleadings, (Doc. No. 69), the Court informed *pro se* Plaintiff of the importance of responding pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Doc. No. 71). Defendant Jackson has filed an affidavit

1

affirming that he retired from NC DPS on September 1, 2009, and was not the Brown C.I.'s administrator when the alleged deliberate indifference began in 2013. (Doc. No. 47-2 at 1).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." A motion for judgment of the pleadings pursuant to Rule 12(c) is analyzed under the same standard as a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, the Court will assume that the facts alleged in the Complaint are true and will draw all reasonable inferences in Plaintiff's favor as the nonmoving party. Burbach, 278 F.3d at 405–06. However, while the Court "take[s] the facts in the light most favorable to the [P]laintiff, ... [the Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). Additionally, the Complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (internal quotation marks omitted) (citing Twombly, 550 U.S. at 555).

## III. DISCUSSION

In the Amended Complaint, Plaintiff alleges that Defendant Rick Jackson was deliberately indifferent to a serious medical need as his role as Superintendent of Brown Creek C.I. However,

Defendant Jackson avers in an affidavit and argues in his Motion for Judgment on the Pleadings that he was not the Superintendent of Brown Creek C.I. at the relevant time beginning in 2013, and that he had retired from NC DPS in 2009. Plaintiff states in his Response that it was his understanding and belief that Defendant Rick Jackson was the Superintendent of Brown Creek C.I. at the relevant time. (Doc. No. 72 at 2). However, he concedes in his "Amended Motion for Correction" that the Superintendent at the relevant time was Herb Jackson, and he named the wrong person due to a "mix[] up" and honest mistake. (Doc. No. 73 at 1).

Defendant Rick Jackson avers, and Plaintiff now concedes, that he was not the Superintendent of Brown Creek C.I. at the relevant time. Therefore, Defendant Rick Jackson's Motion for Judgment on the Pleadings will be granted.

**IV.      MOTION TO AMEND**

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). An amendment that changes a party relates back if the party received such notice of the action that it will not be prejudiced in defending on the merits and knew or should have known that the action would have been brought against it but for a mistake concerning the party's proper identity. See Fed. R. Civ. P. 15(c). "If a

3

defendant is not served within 90 days after the complaint is filed, the court – on its own motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend time for service for an appropriate period…." Fed. R. Civ. P. (m).

Plaintiff asks to substitute Herb Jackson as Defendant because he accidentally named Rick Jackson as Brown Creek C.I.'s Superintendent through an honest mistake. Plaintiff's motion will be granted. The Clerk will be ordered to enter Herb Jackson as a Defendant in this case and commence the procedure for waiver of service of process within the time limit stated in the Court's local rules.

### V. MOTION FOR THE APPOINTMENT OF COUNSEL

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

Plaintiff argues that his case is meritorious, he is elderly, uneducated, and unexperienced in the law, he is indigent and cannot afford counsel, he has spells of dementia, physical, and mental disabilities, and he does not have access to a law library or computer.

This case does not present exceptional circumstances that justify appointment of counsel. Plaintiff's court filings to date indicate that he is able to adequately represent himself at this time. Therefore, Plaintiff's motion for the appointment of counsel will be denied.

### VI. REQUEST FOR DISCOVERY

Plaintiff has filed a Request for Production of Documents with the Court, (Doc. No. 74).

This request has been misdirected to the Court. See Local Rule 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). Plaintiff is instructed to direct his discovery requests to the appropriate party or parties in compliance with the applicable rules of procedure.

## VII. CONCLUSION

For the reasons stated herein, Defendant Rick Jackson's Motion for Judgment on the Pleadings will be granted and the claims against him will be dismissed. Plaintiff's motion to correct will be granted and Herb Jackson will be added as a Defendant. Plaintiff's motion seeking the appointment of counsel will be denied.

**IT IS THEREFORE ORDERED** that:

(1) Defendant Rick Jackson's Motion for Judgment on the Pleadings, (Doc. No. 69), is **GRANTED.**

(2) Plaintiff's "Amended Motion for Correction," (Doc. No. 73), is **GRANTED**.

(3) Plaintiff's Motion for the Appointment of Counsel, (Doc. No. 75), is **DENIED.**

(4) The Clerk of Court is instructed to terminate Rick Jackson and add Herb Jackson as a Defendant in this matter.

(5) Plaintiff is instructed to address his discovery requests to the appropriate party or parties rather than to the Court.

(6) **IT IS FURTHER ORDERED THAT** Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendant

**Herb Jackson** who is a current or former employees of NC DPS.

Signed: September 4, 2018

Frank D. Whitney
Chief United States District Judge